1
2
3
4
5
6
7

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 6/3/09

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JUN - 3 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| WINSTON FORNEY, | Case No. CV 09-2843-ABC (RNB) |
| Petitioner, | |
| vs. | ORDER SHOW CAUSE |
| OLIVE VISTA MEDICAL FACILITY, | |
| Respondent. | |

17      In its May 1, 2009 Order Dismissing Petition with Leave to Amend, the Court
18  advised that the Petition had improperly named the State Attorney General as the
19  respondent; that the California Attorney General was not a proper party in this
20  proceeding; and that the only appropriate respondent was petitioner's immediate
21  custodian at his current place of confinement. See Rumsfeld v. Padilla, 542 U.S. 426,
22  434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); see also 28 U.S.C. § 2242; Rule
23  2(a) of the Rules Governing Section 2254 Cases in the United States District Courts
24  and the Advisory Committee Notes thereto; Hogan v. Hanks, 97 F.3d 189, 190 (7th
25  Cir. 1996), cert. denied, 520 U.S. 1171 (1997).

26      Petitioner failed to correct the foregoing deficiency in his First Amended
27  Petition. Instead, he merely named Olive Vista Medical Facility as the respondent.
28  The Ninth Circuit has held that the failure to name the correct respondent destroys

1   personal jurisdiction. <u>See</u> <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir.

2   1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).

3   　　　Based on petitioner's failure to correct the foregoing deficiency, it occurs to the

4   Court that the Petition (and First Amended Petition) may also suffer from another

5   deficiency that would render moot the timeliness issue raised in the May 1, 2009

6   dismissal order.

7   　　　Subject matter jurisdiction over habeas petitions exists only where, at the time

8   the petition is filed, the petitioner is "in custody" under the conviction challenged in

9   the petition. <u>See</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed.

10  2d 540 (1989); <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238, 88 S. Ct. 1556, 20 L. Ed. 2d

11  554 (1968); <u>see</u> <u>also</u> 28 U.S.C. §§ 2241(c)(3), 2254(a). A habeas petitioner does not

12  remain "in custody" once the sentence imposed for the conviction has "fully expired."

13  <u>Maleng</u>, 490 U.S. at 491. However, the "in custody" requirement of 28 U.S.C. §

14  2254(a) is satisfied where a petitioner has been placed on parole. <u>See</u> <u>Maleng</u>, 490

15  U.S. at 491; <u>Jones v. Cunningham</u>, 371 U.S. 236, 237-38, 83 S. Ct. 379, 9 L. Ed. 2d

16  285 (1963).

17  　　　Here, it appears from the face of the Petition that petitioner received a sentence

18  of three years on May 5, 2005, following his conviction pursuant to his guilty plea to

19  petty theft with a prior. Thus, it appears that by the time petitioner filed his original

20  Petition on April 23, 2009, petitioner's sentence had fully expired, and he no longer

21  was incarcerated. However, it is unclear whether petitioner was on parole for his

22  2005 conviction as of the time the Petition was filed. Accordingly, it is unclear

23  whether subject matter jurisdiction even exists to entertain the Petition.

24  //

25  //

26  //

27  //

28  //

2

Accordingly, within twenty (20) days of the date of this Order, petitioner is ORDERED TO SHOW CAUSE, in writing, why this action should not now be dismissed for the reasons stated above. Petitioner is forewarned that his failure to timely file a response to this Order to Show Cause will be deemed by the Court as consent to the dismissal without prejudice of this action for failure to prosecute.

DATED: <u>June 2, 2009</u>

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

3